UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RASHAMEL SMALLS,

Plaintiff,

- against -

QUEENS SUPREME COURT, *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-5313 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

On August 27, 2026, Plaintiff Rashamel Smalls, proceeding *pro se*, commenced this action. (Dkt. 1.) Plaintiff did not pay the requisite filing fees but applied to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the reasons discussed below, Plaintiff's IFP application is denied without prejudice to renew.

## LEGAL STANDARD

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fees upon application by a plaintiff to proceed IFP and upon finding a plaintiff indigent. A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). Section 1915 is designed to ensure "that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). "A litigant need not be 'absolutely destitute' to qualify for [IFP] status but need demonstrate only that they 'cannot because of [their] poverty pay or give security for the costs and still be able to provide [themselves] and dependents with the

necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (first alteration added) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

"Determining whether an applicant qualifies for IFP status is within the discretion of the district court." *Harris v. DEA Agents*, No. 2:24-CV-8863 (NJC) (LGD), 2025 WL 746043, at *1 (E.D.N.Y. Mar. 7, 2025) (citing *Rosa*, 86 F.4th at 1007 (explaining that IFP application denials are reviewed for abuse of discretion)). However, the Court must dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *accord Miller v. Smith*, No. 21-CV-2949 (JS), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs,* No. 21-CV-1901 (RPK), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

**DISCUSSION**

Here, Plaintiff's IFP application is incomplete. On the IFP application, Plaintiff failed to indicate what, if any, wages he earns. (Dkt. 2, at 1.) Plaintiff indicates that he has no "other income" and no money in cash or in a checking or savings account. (*Id.* at 1–2.) Plaintiff failed to respond to the questions regarding owning any property of value and having any regular monthly expenses, dependents, debts or financial obligations. (*Id.* at 2.) In other words, Plaintiff does not explain how he supports himself. "[A]ffidavits asserting that the plaintiff has no income and no assets *without further explanation* [are] ' . . . incomplete and, by extension, fail to support [IFP] status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-0353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)).

**CONCLUSION**

Plaintiff's application to proceed IFP is DENIED without prejudice to renew. If Plaintiff wishes to proceed with this action, Plaintiff must, within 14 days of the date of this Order, either

(1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application that demonstrates indigency.

If Plaintiff fails to comply with this Order within the time allowed or fails to show good cause for an extension of time, the Court shall dismiss this action without prejudice. Additionally, if Plaintiff timely files an incomplete Long Form IPF Application, this case will be dismissed without prejudice and Plaintiff will not be permitted to file yet another IFP application. Should Plaintiff pay the filing fee, the Clerk of Court shall issue a summons, and Plaintiff must have the summons and complaint served on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with a Long Form IFP application form, and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 5, 2026
Brooklyn, New York